

U.S. Department of Justice

United States Attorney
District of Massachusetts

FILED
IN CLERK'S OFFICE

2004 OCT 20  P 12: 21

U.S. DISTRICT COURT
DISTRICT OF MASS.

*Main Reception: (617) 748-3100*

*United States Courthouse, Suite 9200*
*1 Courthouse Way*
*Boston, Massachusetts 02210*

October 20, 2004

**HAND-DELIVERED**
Honorable William G. Young
Chief United States District Judge
John Joseph Moakley U.S. Courthouse
One Courthouse Way
Boston, MA 02110

      Re:    U.S. v. Roland Worrell
               Criminal No. 03-10382-WGY

Dear Chief Judge Young:

      At yesterday's arraignment and Rule 11 hearing on the Superseding Information in the above-entitled matter, Your Honor raised a question about the constitutionality of 21 U.S.C. § 860, which enhances the penalties for persons who committed drug offenses within 1,000 feet of a school or playground. In particular, Your Honor alluded to the Supreme Court's decision in United States v. Lopez, 514 U.S. 549 (1995), invalidating the Gun-Free School Zones Act, and indicated that at sentencing you might want to hear from the parties concerning the constitutionality of Section 860 in light of the Lopez decision.

      Afraid that I might forget to re-visit the issue when Mr. Worrell comes up for sentencing months from now and fairly confident that the precise issue raised by Your Honor had been addressed before, I did some quick checking and confirmed that the First Circuit and at least eight other Circuit Courts of Appeals have held Section 860 to be constitutional in the wake of Lopez. As the First Circuit explained in United States v. Zorrilla, 93 F.3d 7, 8-9 (1st Cir. 1996):

> Although the Lopez Court struck down the Gun-Free School Zones Act, 18 U.S.C. § 922(q) (criminalizing the possession of firearms within a school zone), on the ground that the prohibited conduct was not of a type that substantially affects interstate commerce, 514 U.S. at ___, 115 S.Ct. at 1631, it did so because the underlying conduct -- firearms possession *simpliciter* -- "has nothing to do with 'commerce' or any sort of economic enterprise, however broadly one might define those terms," Id. at ___, 115 S.Ct. at 1630-31. The Lopez Court nonetheless made it perfectly clear that, under the Commerce Clause, Congress could regulate, *inter alia*, those activities which have a consequential effect on, or which bear a

meaningful relation to, interstate commerce. See id. at ___, 115 S.Ct. at 1629-30 (citing NLRB v. Jones & Laughlin Steel Corp., 301 U.S. 1, 37, 57 S.Ct. 615, 624, 81 L.Ed. 893 (1937)).

This is such a case. Here, unlike in Lopez, the statutory scheme has an unmistakable commercial nexus and the underlying conduct possesses a significant economic dimension. Many courts, including this court, have held that drug trafficking is precisely the kind of economic enterprise that substantially affects interstate commerce and that, therefore, comes within Congress' regulatory power under the Commerce Clause. . . .

Because we do not doubt that Congress the authority under the Commerce Clause to regulate an activity as clearly commercial in character as drug trafficking, and because the particular statute that the appellants challenge is nothing more than a sentence-enhancer applicable to certain proscribed drug trafficking activities, we hold that 21 U.S.C. § 860(a) does not trespass into constitutionally forbidden terrain. . . .

(Citations omitted.)

More recently, in United States v. Koons, 300 F.3d 985, 992-993 (8th Cir. 2002), the Eighth Circuit Court of Appeals "join[ed] the other courts of appeals which have upheld § 860(a) against Lopez challenges. United States v. Dixon, 132 F.3d 192, 202 (5th Cir. 1997); United States v. Jackson, 111 F.3d 101, 101-102 (11th Cir. 1997); United States v. Allen, 106 F.3d 695, 700-01 (6th Cir. 1997); United States v. Hawkins, 104 F.3d 437, 439-40 (D.C.Cir. 1997); United States v. Ekinci, 101 F.3d 838, 844 (2d Cir. 1996); United States v. McKinney, 98 F.3d 974, 976-80 (7th Cir. 1996); United States v. Orozco, 98 F.3d 105, 106-07 (3d Cir. 1996); United States v. Zorrilla, 93 F.3d 7, 8-9 (1st Cir. 1996)."

Respectfully submitted,

Patrick M. Hamilton  
Assistant U.S. Attorney

cc: Catherine Byrne, Esq.